UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ASHLEY MUSE** | **CASE NO. 3:21-CV-02419** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned is a motion to dismiss, filed by the State of Louisiana through the Louisiana Department of Public Safety and Corrections and James LeBlanc ("Defendants") [doc. #11]. The motion is opposed by Ashley Muse ("Plaintiff") [doc. #13]. For the reasons assigned below, it is **RECOMMENDED** that Defendants' motion be **DENIED**.

## I. FACTS

Plaintiff was hired by Defendants on September 23, 2021, as a probation and parole officer. *Id.* Plaintiff claims that during her employment, "she was denied training, subjected to microaggressions, harassment, a hostile work environment, termination, and disparate treatment because of her race." *Id.* at 3. Ultimately, Plaintiff's employment was terminated on February 8, 2021. *Id.*

In response to this alleged discrimination, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission (the "EECO"). On June 7, 2021, the EEOC issued a notice to Plaintiff that it was declining to proceed with her investigation and issued a notice of suit rights.[1] [doc. #1-2]. Accordingly, on August 10, 2021, Plaintiff filed suit in this

---

[1] The notice of suit rights said, in pertinent part: "This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under

Court, alleging that Defendants had violated Title VII of the Civil Rights Act of 1964. [doc. #1, p. 2].

On October 22, 2021, Defendants filed the instant motion to dismiss, alleging that Plaintiff had failed to state a claim upon which relief may be granted due to Plaintiff's failure to exhaust her administrative remedies through the EEOC before filing suit in federal court. [doc. #11-1, p. 2].

On November 10, 2021, Plaintiff filed an opposition to Defendants' motion to dismiss, stating that she had exhausted her administrative remedies prior to filing suit. [doc. #13]. Defendants deadline to file a reply was November 19, 2021, but did not file a reply. [doc. # 12]. Accordingly, this matter is ripe.

## II.   APPLICABLE LAW

The Federal Rules of Civil Procedure allow dismissal of a claim for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). To state a claim, the pleading must contain a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED.R.CIV.P. 8(a)(2). While the pleading need not assert detailed factual allegations, it must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663 (2009). To determine whether the plaintiff has stated a claim, the court is "limited to the complaint, any documents attached to the complaint, and any documents

---

federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**."

attached to the motion to dismiss that are central to the claim and referenced in the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

In deciding a motion to dismiss, the Court must accept as true all of the plaintiff's allegations, unless the allegation is a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *Id.* Although legal conclusions may be asserted, "they must be supported by factual allegations" to gain the assumption of truth. *Id.* at 664. A well-pleaded complaint may proceed even if it strikes the Court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, the Court may dismiss a complaint "if it clearly lacks merit – for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation omitted).

### III.  ANALYSIS

Plaintiff asserts claims under Title VII of the Americans with Disabilities Act of 1964 (the "ADA"), 42 U.S.C. § 12101, *et seq.* Before filing suit in court for alleged violations of Title VII of the ADA, plaintiffs must first file a charge with the EEOC and receive a statutory notice of the right to sue. *See Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."); *see also Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). After the EEOC issues a notice of suit rights, plaintiffs have ninety days to file a civil action. *Taylor*, 296 F.3d at 379.

In their motion to dismiss, Defendants claim that Plaintiff's suit must be dismissed because her complaint fails to allege that she exhausted her administrative remedies prior to

3

filing suit. [doc. #11-1, p. 2-3]. Specifically, Defendants claim that "[P]laintiff has not, pursuant to the requirements of Title VII, filed or demonstrated any filing with the EEOC." [doc. #11-1, p. 3].

In response to Defendants' claims, Plaintiff contends that she did exhaust administrative remedies and as evidence, attached the notice of suit rights to her complaint. [doc. #13, p. 2]. Plaintiff claims that this defeats Defendants' argument for dismissal. The undersigned agrees.

The record clearly indicates that Plaintiff exhausted her administrative remedies prior to filing suit. At some point before filing suit, Plaintiff filed a grievance with the EEOC. On June 7, 2021, the EEOC discharged Plaintiff's grievance and provided Plaintiff with a notice of suit rights, thus satisfying her administrative exhaustion requirements. [doc. #1-2]. After receiving this notice, Plaintiff filed suit in this Court on August 10, 2021, well within the ninety day period to file suit afforded by the notice of suit rights. [doc. #1]. To evidence her compliance with administrative exhaustion requirements, Plaintiff attached the notice of suit rights to her complaint. *Id.* Accordingly, Plaintiff exhausted her administrative remedies prior to filing suit in this Court.

Out of an abundance of caution, even if Defendants are arguing that this proof is insufficient because Plaintiff did not explicitly discuss exhaustion in her complaint, Defendants' motion to dismiss still fails. Plaintiff properly asserted administrative exhaustion by attaching the notice of suit rights to her complaint. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("The exhibits attached to the complaint . . . are part of the complaint "for all purposes.") (quoting FED.R.CIV.P. 10(c)). Accordingly, "it is not error to consider the exhibits to be part of the complaint for purposes of a Rule 12(b)(6) motion." *St. Luke's*, 355 F.3d at 375. Therefore, by including this information as an exhibit, Plaintiff alleged

exhaustion in her complaint, and the undersigned may look to the exhibit to determine that Plaintiff exhausted her administrative remedies prior to filing suit.

Accordingly, for the reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 29th day of November 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE