UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ASHLEY MUSE**                             **CASE NO. 3:21-CV-02419**

**VERSUS**                                  **JUDGE TERRY A. DOUGHTY**

**STATE OF LOUISIANA ET AL**                **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 75] filed by Defendants, State of Louisiana ("Louisiana'), (Louisiana Department of Public Safety & Corrections ("Dept. of Public Safety"), and James M. LeBlanc ("LeBlanc"), (collectively "Defendants"). An Opposition [Doc. No. 84] was filed by Plaintiff Ashley Muse ("Muse"), and a Reply [Doc. No. 88] was filed by Defendants.

For the reasons set forth herein, Defendants' Motion for Summary Judgment is **GRANTED.**

## I. BACKGROUND

This suit arises out of an Employment Discrimination claim against Muse's former employer.[1] Muse contends that while working as a Probation and Parole Officer she was "denied training, subjected to microaggressions, harassment, a hostile work environment, termination, and disparate treatment because of her race."[2] Plaintiff filed suit in this Court on August 10, 2021, under Title VII of the Civil Rights Act of 1964.[3]

---

[1] [Doc. No. 1]
[2] [Id. at ¶6]
[3] [Id.]

The Defendants have alleged that Muse's claims against them are barred by res judicata and collateral estoppel because the Louisiana Civil Service Commission found that there was no discrimination here, and the Civil Service Commission denied her application for review. Further, Muse brought this case before the Louisiana Court of Appeal for the First Circuit, and it upheld the decision that she was not discriminated against in her employment and termination from employment. Therefore, Muse's claims are redundant.

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in

2

the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

## B.     State Civil Service Proceedings

Muse was terminated on February 8, 2021.[4] Muse appealed her treatment and separation to the State Civil Service Commission.[5] A Civil Service Referee presided over a three-day trial.[6] In this proceeding, Muse argued she was discriminated against in her employment. She submitted exhibits, cross-examined witnesses, and submitted post trial briefs arguing that she was discriminated against and terminated based on race.[7]

The Civil Service Referee rendered a decision that Muse's separation from employment was proper and not based upon discrimination.[8] The Civil Service Commission denied Muse's application for review.[9] Muse then appealed the decision to the Louisiana First Circuit Court of Appeal, which affirmed the Civil Service Commission's decision.[10] No writ application to the Supreme Court of Louisiana was filed by Muse. This is considered a final judgment.

## C.     Res Judicata and Collateral Estoppel

Res judicata is a doctrine that provides that once a final judgment on the merits has been entered in a case, the parties involved, and are precluded from re-litigating claims that either were or could have been raised in that case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles from which the judgment originated. *Jones v. Sheehan, Young & Culp, PC*, 82 F.3d 1334, 1338 (5th Cir. 1996).

In Louisiana, La. R.S. 13:4231 reads as follows:

---

[4] [Doc. No. 75-4]
[5] [Doc. No. 75-5]
[6] [Doc. No. 75-6]
[7] [Id]
[8] [Doc. No. 75-7]
[9] [Doc. No. 75-5]
[10] *Muse v. Louisiana Department of Public Safety & Corrections* 355 So.3d 620 (La. App. 1st Cir. 2022).

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the Judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in judgment.
>
> (2) If the judgment is in favor of the defendant, all cause of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Louisiana embraces the broad term of "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *Henkelmann v. Whiskey Island Pres. LLC*, 145 So.3d 465, 470 (La. App. 1st Cir. 2014). Claim preclusion and issue preclusion are district principles. Under claim preclusion or res judicata, a judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action *Id*. Res judicata applies when: (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and in the present suit are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Gabriel v. LaFourche Parish Water Dist.*, 112 So.3d 281, 284 (La. App. 1st Cir. 2013).

Under issue preclusion or collateral estoppel, "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigations of the same issue in a different cause

5

of action between the same parties. *Henkelmann*, 145 So.3d at 470. The criteria used to determine whether a party is precluded from relitigating an issue is: (1) whether the issue at stake is identical to the one involved in the prior litigation; (2) whether the issue was actually litigated; and (3) whether the determination of the issues was necessary to the judgment in the prior litigation. *McDonald v. Cason*, 801 So.2d 1255, 1262 (La. App. 3d Cir. 2001).

### D. Analysis

Muse's claims in the original Complaint,[11] and the Amended Complaint,[12] involve Title VII employment discrimination involving harassment, a hostile work environment, and/or racial discrimination. Muse's claims are barred. The Louisiana Civil Service Commission is vested by the Louisiana Constitution[13] with full authority to hear and decide such employee cases. The reasons for the exclusive grant of power to hear and decide these cases is to preclude the district courts from having concurrent jurisdiction with the Civil Service Commission. *Russo v. Jefferson Water Parish Department*, 1998 WL 19629 (E.D. La. 1/16/1998). A civil service employee must first successfully challenge his separation with the Civil Service Commission before he can pursue damages or a money judgment in district court. *Winn v. New Orleans City*, 2015 WL 10713690 (E.D. La. 1/4/2015).

Claims such as those of Muse have been held to be barred by res judicata. *Hughes v, Arveson*, 924 F. Suppl. 735, 737-38 (M.D. La. 1996.

Muse has asserted Title VII claims based upon discrimination in employment training, changing voice mails, in dispersing cars to drive, in assigning officers to work hospital duty, denial

---

[11] [Doc. No. 1]
[12] [Doc. No. 24]
[13] Louisiana Constitution, Article 10, Section 12(B)

of property rights and due process being denied a position because of her race, and discrimination in all aspects of her employment due to race.[14]

The issues raised in this federal proceeding all arose from the alleged discrimination that Muse has already litigated. In a similar case involving Title VII claims, the court dismissed the claims based upon both collateral estoppel and res judicata. *Hughes v. Arreson*, 924 F.Supp. 735 (M.D. La. 1996).

Both the Fifth Circuit and the Supreme Court of the United States have dismissed similar claims under Title VII. *Levett v. University of Texas*, 847 F.2d 221, 227 (5th Cir. 1998); and *Kramer v, Chemical Construction Corp.*, 456 U.S. 461 (1982).

All of Muse's claims that could have been brought or were brought were based upon alleged discrimination Muse already had the full opportunity to be heard.

This Court finds all of Muse's claims in this proceeding are barred by res judicata and by collateral estoppel.

### III. CONCLUSION

For the reason set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No.75] filed by State of Louisiana, Louisiana Department of Public Safety & Corrections, and James M. LeBlanc is **GRANTED**, and all of Muse's claims against Defendants are hereby **DISMISSED WITH PREJUDICE.**

**MONROE, LOUISIANA,** this 10th day of May 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[14] [Doc. No. 24, Counts 16, 17, 18, 19, 20, 22 and 25]