# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 10, 2024
Lyle W. Cayce
Clerk

No. 23-30499

Ashley Muse,

*Plaintiff—Appellant*,

*versus*

State of Louisiana; Louisiana Department of Public Safety and Corrections; Gary Westcott,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-2419

Before Willett and Douglas, *Circuit Judges*, and Morales, *District Judge*.[1]

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

[1] United States District Judge for the Southern District of Texas, sitting by designation.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

UNITED STATES COURT OF APPEALS FIFTH JUDICIAL CIRCUIT

**Certified as a true copy and issued as the mandate on Dec 03, 2024**

**Attest:** Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

---

No. 23-30499

---

Ashley Muse,

*Plaintiff—Appellant*,

*versus*

State of Louisiana; Louisiana Department of Public Safety and Corrections; James M. LeBlanc,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-2419

---

Before Willett and Douglas, *Circuit Judges*, and Morales, *District Judge*.[1]

Per Curiam:[*]

In this employment dispute, Ashley Muse, proceeding *pro se*, contends the district court misapplied the principles of res judicata and collateral estoppel when it granted summary judgment to the State of Louisiana, the

---

[1] United States District Judge for the Southern District of Texas, sitting by designation.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Louisiana Department of Public Safety and Corrections, and James M. LeBlanc (Secretary of the Department). We disagree and AFFIRM.

I

Ashley Muse worked as a probationary employee for the State of Louisiana Department of Public Safety and Corrections from September 2019 to February 2021. On February 8, 2021, she was terminated. Days later, she appealed her termination to the Louisiana State Civil Service Commission ("Commission"). Specifically, Muse claimed that her termination was improper due to "rule violations [and] discrimination as defined by Civil Service Rules."

In August 2021, Muse filed a Title VII complaint. One week later, a Commission Referee presided over a two-day hearing where Muse submitted exhibits, examined witnesses, and submitted post-trial briefs. In November 2021, the Commission determined that Muse "[did] not establish racial discrimination" and also "failed to prove her separation was due to her race." That decision became final on January 5, 2022.

Muse appealed the Commission's decision to the Louisiana First Circuit Court of Appeal, "citing misrepresentations, incorrect case law, and lack of due process" during the Commission hearing. The Court of Appeal upheld the decision and found "no evidence that supports [her] contentions" that "she was discriminated against because of her race and that civil service rules were violated in the process of her separation."[2]

Meanwhile, litigation of Muse's Title VII discrimination complaint continued in federal court. In April 2023, approximately five months after the

---

[2] *Muse v. La. Dep't of Pub. Safety & Corr., Off. of Prob. & Parole*, 355 So. 3d 620, 626 (La. App. 1 Cir. 11/4/22).

Louisiana Circuit Court of Appeal upheld the Commission's rejection of Muse's claims, Louisiana filed a motion for leave to file a supplemental answer and affirmative defenses. The motion was granted, and Louisiana amended its answer to include the defenses of res judicata and collateral estoppel.

Soon after, the district court granted summary judgment in favor of Louisiana based on res judicata and collateral estoppel. Muse moved for reconsideration, and the district court denied her motion. Muse now appeals the grant of summary judgment to Louisiana and the district court's denial of her motion for reconsideration.

## II

Related to the grant of summary judgment to Louisiana, Muse makes three main arguments: (1) the district court erred in finding Louisiana had good cause to amend and add affirmative defenses; (2) the district court erred in holding her Title VII claims were barred by res judicata and collateral estoppel; and (3) the Commission lacked jurisdiction and denied Muse due process.[3] We address each issue in turn.

### A

First, Muse contends the district court erred in granting Louisiana's motion to amend its answer to add affirmative defenses because Louisiana did not show good cause.

[3] "[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel[.]" *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

We review a trial court's decision on a party's request for leave to amend pleadings for abuse of discretion.[4] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a court's scheduling order deadline has expired and requires "good cause" and "the judge's consent."[5] We have determined that four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6] Only if the movant demonstrates good cause will "the more liberal standard of Rule 15(a)," which permits leave as "justice so requires," apply to the district court's decision to grant leave.[7]

The district court's scheduling order required parties to file any pleading amendments by December 23, 2022. On April 10, 2023, Louisiana requested leave to file a supplemental answer and affirmative defenses. While acknowledging that there was a "technical failure" in complying with the deadline, Louisiana argued that judicial economy favored granting the motion. The district court agreed and found that Muse did not "face unfair surprise in responding to Defendants' affirmative defenses" because she had an "adequate opportunity to respond." The district court also found that the timing was proper since the state court decision was not final until "Plaintiff's period to appeal the state court decision lapsed." Because the

---

[4] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

[5] *See* Fed. R. Civ. P. 16(b)(4); *S&W Enters., L.L.C.*, 315 F.3d at 536.

[6] *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (internal citation omitted)).

[7] *S&W Enters., L.L.C.*, 315 F.3d at 536; *see* Fed. R. Civ. P. 15(a).

district court considered Louisiana's explanation for its failure to timely move for leave to amend, noted the importance of the amendment, and examined the ability of Muse to cure any prejudice caused by the amendment, the district court did not abuse its discretion in granting leave to amend.

B

Second, Muse contends the district court erred in holding her Title VII claims were barred by res judicata and collateral estoppel at the summary-judgment stage.

We review summary judgment *de novo*.[8] Summary judgment is warranted if "no genuine dispute as to any material fact" exists and "the movant is entitled to judgment as a matter of law."[9] The applicability of res judicata and collateral estoppel are questions of law that we also review *de novo*.[10]

"When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates."[11] And "preclusive effect *must* be given to a state court's review of a state agency's action on a job bias claim in a later action

---

[8] *Spicer v. Laguna Madre Oil & Gas II, L.L.C. (In re Tex. Wyo. Drilling, Inc.)*, 647 F.3d 547, 550 (5th Cir. 2011).

[9] Fed. R. Civ. P. 56(a).

[10] *Spicer*, 647 F.3d at 550 (5th Cir. 2011); *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 549 (5th Cir. 2013).

[11] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citations omitted).

in federal court on such a claim brought under a similar federal law such as Title VII."[12]

Here, because the underlying judgment is from the Louisiana Court of Appeal, Louisiana preclusion rules apply.[13] Louisiana law embraces the term "res judicata" as including "both claim preclusion (res judicata) and issue preclusion (collateral estoppel)."[14] In this vein, Louisiana Revised Statute 13:4231 states that "a valid and final judgment is conclusive between the same parties . . . with respect to any issue actually litigated and determined if its determination was essential to that judgment," or, if the judgment is in favor of the defendant, then "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action."

The first question is whether the parties in federal court are the same as the parties in the Commission and state-court litigation. In the appeal before the Commission, Muse and the Department of Public Safety and Corrections were the two parties. Here, in federal court, Muse sued the Department as well as the State of Louisiana and James LeBlanc. The parties are clearly not identical between the federal and state litigation. However, under Louisiana law, "[t]he preclusive effect of res judicata may bind

---

[12] *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 227 (5th Cir. 1988) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982)); *see also Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997).

[13] *See Jones*, 82 F.3d at 1338.

[14] *Henkelmann v. Whiskey Island Pres. L.L.C.*, 145 So. 3d 465, 470 (La. App. 1 Cir. 5/15/14).

nonparties who are deemed to be 'privies' of the named parties under certain circumstances."[15] Louisiana courts recognize privity when:

> (1) the nonparty is a successor in interest to a named party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the original litigation whose interests are so closely aligned to the nonparty that they may be deemed the nonparty's virtual representative.[16]

Indeed, "[i]t is not sufficient to merely show that the party and the nonparty have common or parallel interests in the factual and legal issues presented in the respective actions."[17] But it is sufficient to show "that the relationship between the one who is a party on the record and the nonparty is sufficiently close to afford application of the principle of preclusion."[18] The Department of Public Safety and Corrections is an arm of the State, and James LeBlanc is Secretary of the Department. Therefore, while the parties before us are not *identical* to the parties in the state court litigation, they are undoubtedly in privity, as the interests of the State of Louisiana and Secretary LeBlanc were adequately represented by the Department.

The next question is which issues were "actually litigated" and "essential to" the Louisiana Court of Appeal's judgment. Courts in our circuit applying Louisiana law have found that the Commission's denial of claims of race discrimination, if affirmed by a state court, "precludes the

---

[15] *Breen v. Breen*, 370 So. 3d 1095, 1102 (La. App. 1 Cir. 7/6/23), *writ denied*, 373 So. 3d 979 (La. 12/5/23).

[16] *Id.* at 1102.

[17] *Id.* (citing *Slaughter v. Atkins*, 305 F. Supp. 3d 697, 709 (M.D. La. 2018), *aff'd*, 742 F. App'x 24 (5th Cir. 2018)).

[18] *B.A. Kelly Land Co., L.L.C. v. Aethon United BR L.P.*, 327 So. 3d 1071, 1078 (La. App. 2 Cir. 9/22/21), *writ denied*, 332 So. 3d 671 (La. 2/8/22).

same claims from being asserted in [a federal] action based on Title VII."[19] The Commission determined that Muse's testimony, witnesses, and evidence "[did] not establish racial discrimination," and the state court affirmed that determination.[20] The issue of whether Muse suffered discrimination on the basis of race was essential to the Commission's and state court's respective judgments. Consequently, relitigation of the same issue here is precluded.

The final question is whether the issues in federal court—racial discrimination, harassment, and hostile work environment under Title VII of the Civil Rights Act of 1964—arise out of the same transaction or occurrence that was the subject matter of the state court litigation—racial discrimination and other civil-service rule violations.[21] The answer is "yes." The evidence Muse mustered for her Commission appeal includes the same instances Muse cited for support before the district court. And it is undisputed that Muse's suit arises from her employment with and treatment by the Department of Public Safety and Corrections—the same set of relationships and facts at issue in prior proceedings. Therefore, we conclude that Muse's federal claims of Title VII race discrimination, harassment, and hostile work environment arise from the same transaction or occurrence as litigated in state court.[22] Res judicata applies, and the Louisiana Court of Appeal's

---

[19] *Butler v. La. Dep't of Health & Hosps.*, No. 07-723-SCR, 2009 WL 2382556, at *10 (M.D. La. July 31, 2009); *see also Hughes v. Arveson*, 924 F. Supp. 735, 737–38 (M.D. La. 1996); *Harrell v. La. Dep't of Health & Hosps.*, No. 10-0156, 2011 WL 6843004, at *2 (W.D. La. Dec. 29, 2011).

[20] *Muse v. La. Dep't of Pub. Safety & Corr., Off. of Prob. & Parole*, 355 So. 3d 620, 622 (La. App. 1 Cir. 11/4/22).

[21] *Id.*

[22] Muse argues that an employee can be subject to harassment, hostile work environment, and disparate treatment without being subject to disciplinary action or termination. While this statement is correct, it misses the mark. Louisiana law uses a

affirmance of the Commission's decision precludes relitigation of the dispute.

C

Finally, Muse contends that preclusion should not apply because of various procedural deficiencies in the state administrative proceedings. Specifically, she alleges that the Commission lacked jurisdiction to hear her claim of race discrimination because she was a probationary employee, and she relies on *St. Romain v. State of Louisiana, through the Department of Wildlife and Fisheries* for support.[23] She also alleges that the Commission violated her due process rights.

As to the Commission's jurisdiction, Louisiana Civil Service Rule 13.10 states only three groups of people have a right of appeal to the Commission:

> (a) a state classified employee with permanent status who has been removed or subjected to one of the disciplinary actions listed in Rule 12.2(b).
>
> (b) a state classified employee who has been discriminated against in any employment action or decision because of his political or religious beliefs, sex or race.
>
> (c) a state classified employee who has been adversely affected by a violation of any provision in the Civil Service Article or of any Civil Service Rule other than a rule in Chapter 10.

---

"transaction or occurrence" test, not true res judicata or claim preclusion. *See* La. Rev. Stat. 13:4231. Therefore, the claims themselves need not be identical if the issues addressed in the cases arise from the same transaction or occurrence. And it is clear that the claims before the federal court are the same issues that formed the basis of Muse's state-court claims.

[23] 863 So. 2d 577 (La. App. 1 Cir. 11/12/03), *writ denied*, 871 So. 2d 348 (La. 3/26/04)).

Muse, as a probationary state employee alleging race discrimination, had a right to appeal her termination to the Commission. And the Commission, under Louisiana law, had the jurisdiction to review it.

Moreover, Muse's reliance on *St. Romain* is misplaced. There, the court held that "the claims of a probationary employee alleging discrimination *in the review of his or her application to gain permanent status* . . . fall outside the ambit of the [Commission's] jurisdiction."[24] Muse does not allege discrimination in the review of her application to gain permanent status, or that she even applied for permanent status. Instead, she alleges that discrimination was the reason for her termination. Because Muse alleged discrimination during and upon termination of her employment, Louisiana law dictates that her claims fell within the jurisdiction of the Commission despite her status as a probationary employee.[25]

As to Muse's point on procedural due process, "[s]tate proceedings failing to satisfy the requirements of constitutional due process are not accorded preclusive effect."[26] We have defined the fundamental

---

[24] *St. Romain*, 863 So. 2d at 584 (emphasis added).

[25] *See Harris v. Dep't of Pub. Safety & Corr. - Dixon Corr. Inst.*, 370 So. 3d 43, 49 n.6 (La. App. 1 Cir. 6/2/23) (holding a probationary employee is still a "classified employee" within the meaning of the Louisiana Civil Service Rules); *Terry v. Dep't of Police*, 23 So. 3d 974, 976 (La. App. 4 Cir. 10/7/09), *writ denied*, 25 So. 3d 142 (La. 1/22/10) ("Except when there is an allegation of discrimination . . ., there is no provision for appeal by a probationary employee." (quoting *Walton v. French Mkt. Corp.*, 654 So. 2d 885, 87 (La. App. 4 Cir. 4/26/95))); *Harness v. New Orleans Recreation Dev. Comm'n*, 222 So. 3d 820, 822 (La. App. 4 Cir. 6/14/17) (same (quoting *Terry*, 23 So. 3d at 976)).

[26] *Morales v. New Orleans City*, No. 23-30340, 2024 WL 3026779, at *4 (5th Cir. June 17, 2024) (citing *Kremer*, 456 U.S. at 482–83).

requirement of due process in this context to mean "the opportunity to be heard" as well as "notice and an opportunity to respond."[27]

Muse claims the Commission violated her due process rights because it failed to give her "prior notice of the reasons for her termination that would be asserted in the . . . hearing [and] denied her [the] right to present evidence in opposition and [the] right to cross-examine adverse witnesses." She also argues that she was deprived of her right to a neutral decisionmaker because the Commission is a state agency, and she was disputing termination by the state.

Yet, the record reflects Muse received a two-day hearing, in which she testified, presented witnesses on her behalf, cross-examined witnesses,[28] and both introduced and examined evidence. Muse maintains that she was "not given fair notice" of the reasons for her termination, arguing (it seems) that the Commission should not have permitted Louisiana to ask Muse questions about other potential reasons for her termination outside of alleged racial discrimination. But Muse's briefing before us does not cite any authority supporting her argument that the substance of the Commission proceedings violated her due process rights.[29]

---

[27] *Id.* (first quoting *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976), and then quoting *Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016) (internal citation omitted)).

[28] Muse contends that she did not get to cross-examine "all witnesses" but fails to identify which witnesses she was not allowed to question.

[29] *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021) (noting that a party forfeits an argument by failing to adequately support it with citation to authority); *see also United States v. Gonzalez*, No. 23-50193, 2024 WL 1478874, at *2 (5th Cir. Apr. 5, 2024) ("[P]ro se litigants—like all other parties—remain subject to rules of waiver and forfeiture. So, litigants—even *pro se* ones—may not press issues 'that were not presented to the district court for its consideration in ruling on the motion.'" (quoting *Grogan v. Kumar*, 873 F.3d 273, 277 (5th Cir. 2017)) (footnote omitted)).

For these reasons, we hold that Muse's due process rights were not violated by the Commission proceedings or by the Louisiana Court of Appeal's affirmance of the Commission's decision.

III

Last, we consider whether the district court erred in denying Muse's motion for reconsideration. Muse points to alleged clerical error, newly discovered evidence, "void judgment," fraud, lack of due process, and misrepresentations as reasons for reconsideration, all of which invoke the substantive question of the strength of the district court's reasons for granting summary judgment in the first place.

We review denials of motions for reconsideration *de novo*.[30] For the reasons stated above, in addition to Muse's failure to meet the heightened standard for Rule 60(b) motions,[31] the district court did not err in denying Muse's motion for reconsideration of its grant of summary judgment to Louisiana.

IV

We must give preclusive effect—or "full faith and credit"—to a state-court decision that "comes from a judicially reviewed action by an administrative body."[32] As such, Muse's Title VII claims of race discrimination, harassment, and hostile work environment are precluded under Louisiana law.

---

[30] *Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 518 (5th Cir. 2024).

[31] Fed. R. Civ. P. 60(b). Muse's Rule 60(b) motion rehashes many of her previous arguments, and those added are largely unsupported.

[32] *Stafford*, 123 F.3d at 295 (emphasis omitted).

For the reasons discussed above, we AFFIRM the district court's summary judgment and the denial of Muse's motion for reconsideration.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 03, 2024

Mr. Daniel J. McCoy
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

No. 23-30499 Muse v. State of Louisiana
USDC No. 3:21-CV-2419

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: ______________________
Roeshawn Johnson, Deputy Clerk
504-310-7998

cc: Ms. Ashley Muse
Mr. John Bibb Saye